UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ENALD BEQIRAJ,<br>    a/k/a "Aldo Beqiraj,"<br><br>Defendant. | PROTECTIVE ORDER<br><br>21 Cr. 656 (LGS) |

      Upon the application of the United States of America, Damian Williams, United States Attorney for the Southern District of New York, Assistant United States Attorney Kedar S. Bhatia, of counsel, and with the consent of defendant Enald Beqiraj, a/k/a "Aldo Beqiraj," through Marc A. Fernich, Esq., Maksim Nemtsev, Esq., and Martin G. Weinberg, Esq., his counsel, for an order limiting the dissemination of certain discovery produced in connection with the above-captioned case that contains sensitive information regarding third parties (the "Confidential Disclosure Information"), it is hereby ORDERED that:

      1.    The Government will designate certain discovery as Confidential Disclosure Information and the Government's designation will be controlling absent contrary order of the Court. The Government may also designate records as "Subject to Protective Order," which will be interpreted as a designation as Confidential Disclosure Information.

      2.    Confidential Disclosure Information shall not be disclosed by the defendant or defense counsel, including any successor counsel ("defense counsel") other than as set forth herein, and shall be used by defense counsel and the defendant solely for the purpose of defending this criminal action.

      3.    The defendant and defense counsel are precluded from disseminating any disks containing the Confidential Disclosure Information, and any and all printouts and/or digital

versions of the Confidential Disclosure Information (and any copies and/or screenshots) to anyone beyond the defendant, defense counsel, investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel, independent expert witnesses, investigators, or advisors retained by the defense counsel in connection with this action, and other prospective witnesses and their counsel, to the extent deemed necessary by defense counsel, for the purpose of defending this criminal action, and such other persons as hereafter may be authorized by the Court upon motion by the defendant.

4. The defendant and defense counsel are precluded from disseminating any disks containing the Confidential Disclosure Information, and any and all printouts and/or digital versions of the Confidential Disclosure Information (and any copies and/or screenshots) to any named defendant who has not yet been apprehended or any such defendant's counsel.

5. The defendant and defense counsel are precluded from using any disks containing the Confidential Disclosure Information, and any and all printouts and/or digital versions of the Confidential Disclosure Information (or any copies or screenshots) for any purpose other than defending this criminal action.

6. The defendant and defense counsel must destroy or return any disks containing the Confidential Disclosure Information, and any and all printouts and/or digital versions of the Confidential Disclosure Information (including all copies), at the conclusion of the trial of this matter or when any appeal has terminated and the judgment has become final, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

7. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[Remainder intentionally blank]

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:                                            Dated: November 29, 2021
                                                       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**